[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12318
Non-Argument Calendar

_____

D.C. Docket No. 3:13-cr-00094-TKW-HTC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


CLAY C. KEYS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 16, 2021)

Before JILL PRYOR, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Clay Keys, a federal prisoner proceeding pro se,[1] appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). No reversible error has been shown; we affirm.[2]

I.    Background

In 2013, Keys pleaded guilty to receiving and to distributing child pornography and to being a felon in possession of ammunition. Keys's guidelines range was calculated as 262 to 327 months' imprisonment. Based on Keys's substantial assistance in an unrelated criminal prosecution, the government moved for a sentence reduction under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. The sentencing court imposed a below-guidelines sentence of 180 months' imprisonment followed by a life-long term of supervised release.

---

[1] We read liberally briefs filed by pro se litigants. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

[2] We DENY Keys's motion to stay the appeal and to hold an evidentiary hearing.

In July 2019, Keys moved pro se for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.[3]  Keys said his "debilitating medical conditions" -- including recurring bronchitis infections, asthma, recurring cellulitis infections, and poor circulation in his right leg -- constituted extraordinary and compelling reasons warranting his early release.  Keys asserted that his medical conditions had been exacerbated by the Bureau of Prisons's ("BOP") failure to provide adequate medical care, which amounted to deliberate indifference under the Eighth Amendment.  Despite his medical conditions, Keys said he was able to perform independently several self-care activities, including using the bathroom, showering, cooking, and cleaning up after himself.  Keys asserted that he would pose no threat to the community because he would be placed on "stringent supervision conditions" upon his release from prison.  The government opposed Keys's motion.

On 10 September 2019, the district court denied Keys compassionate release.  The district court first determined that Keys failed to demonstrate that his medical conditions constituted extraordinary and compelling reasons for a reduced sentence.  The district court also concluded that Keys posed a danger to the community "based on his extensive criminal history, the serious nature of his

---

[3] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

current offenses involving minor victims, and his 'candid admissions' to the Court" that he was attracted sexually to children. The district court was unpersuaded by Keys's claim that he would pose no threat based on his supervised-release conditions. The district court also noted that -- while Keys's claims about the inadequacy of his medical treatment might provide a basis for a civil action -- those claims justified no sentence reduction.

On 11 May 2020, Keys filed a second pro se motion for compassionate release: this motion is the one underlying this appeal. Keys again sought relief based on his medical conditions, which he said included poor circulation and varicose veins in his right leg, upper respiratory infections, asthma, emphysema, cellulitis infections, cataracts, ulcers on his right leg, blood clots in his lungs, and severe heartburn. Keys complained that he was receiving inadequate medical care in prison.

Keys also contended that his medical conditions put him at increased risk of serious illness if he were to contract COVID-19. Keys alleged that the prison's COVID-19 mitigation procedures were inadequate, amounted to deliberate indifference, and resulted in increased rates of infection and death.

Keys argued that he would pose no threat to the community upon his release because he had already served half of his sentence and would have to comply with

the conditions of his supervised release. Keys also said that his offense involved only downloading child pornography -- not production or distribution of child pornography -- and that he had had no contact with children.

On 1 June 2020, the district court denied Keys's second compassionate-release motion. The district court determined that Keys's asserted medical conditions were not sufficiently serious or debilitating to justify a reduced sentence under section 3582(c)(1)(A)(i). The district court also concluded that Keys had failed to demonstrate that he would pose no danger to the community in the light of these things: (1) Keys's extensive criminal history, (2) the serious nature of Keys's offenses involving minor victims, and (3) Keys's "candid admissions" to the sentencing court that "he has been sexually attracted to children his entire adult life and masturbated to child pornography as a method to satisfy his urges instead of acting on his urges to molest children."

The district court also determined that the risk Keys faced from COVID-19 due to his age (59) and his medical conditions were insufficient to warrant relief. The district court stated again that Keys's complaints about the adequacy of his medical treatment justified no sentence reduction and were more properly raised in a civil action.

II.     Discussion

We review for abuse of discretion the district court's decision about whether to grant or to deny a defendant compassionate release. See United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." United States v. Khan, 794 F.3d 1288, 1293 (11th Cir. 2015).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597, 605-06 (11th Cir. 2015). As amended by the First Step Act, section 3582(c)(1)(A)(i) authorizes a district court to modify a term of imprisonment under these circumstances:

> [T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

The policy statements applicable to section 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. See U.S.S.G. § 1B1.13; United States v. Bryant, No. 19-

6

14267, 2021 U.S. App. LEXIS 13663, at *4-5 (11th Cir. May 7, 2021).  The commentary to section 1B1.13 identifies circumstances -- including a prisoner's medical condition -- that might constitute extraordinary and compelling reasons. Id. § 1B1.13 comment. (n.1).

Pertinent to this appeal, Application Note 1(A) of section 1B1.13 provides that a prisoner's medical condition may warrant a sentence reduction if the prisoner (1) has a terminal illness, or (2) has a substantially diminished ability to provide self-care in prison because of a serious physical or mental condition or because of age-related deterioration in physical or mental health.  Id. § 1B1.13 comment. (n.1(A)).[4]

The policy statement also provides that -- in addition to determining whether extraordinary and compelling reasons exist that might warrant a sentence reduction -- the district court must determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  See U.S.S.G. § 1B1.13(2); id., comment. (n.1).  In determining the potential danger

---

[4] That the circumstances identified in Application Notes 1(B) (addressing defendants 65 and older) and 1(C) (addressing a defendant's family circumstances) are inapplicable to Keys is clear.  We have also concluded that the "catchall" provision in Application Note 1(D) applies only in situations where the BOP has identified other reasons warranting a sentence reduction. See United States v. Bryant, No. 19-14267, 2021 U.S. App. LEXIS 13663, at *4-5, *43-44 (11th Cir. May 7, 2021) (explaining that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence.").

posed by a defendant, the court considers these factors: (1) the nature and circumstances of the offense, including whether the offense involved a minor victim; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including his past conduct and criminal history; and (4) the nature and seriousness of the danger that would be posed by the defendant's release. See 18 U.S.C. § 3142(g).

If the district court decides either that a defendant's circumstances meet none of the four categories in Application Note 1 or that the defendant is dangerous, the defendant is unentitled to relief. Bryant, 2021 U.S. App. LEXIS 13663, at *18-19. If, however, a defendant is not dangerous and has alleged circumstances that fall within one of the specified categories, the district court then considers whether a reduction is appropriate in the light of the 18 U.S.C. § 3553(a) factors.[5] Id.

The district court abused no discretion in determining that the medical conditions described by Keys -- including the potential for an increased risk of

---

[5] Under section 3553(a), a sentence must be sufficient (but not greater than necessary) to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and to protect the public from future crimes. See 18 U.S.C. § 3553(a)(2). A sentencing court should also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of available sentences, the guidelines range, the policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. Id. § 3553(a)(1), (3)-(7).

complications due to COVID-19 -- were not sufficiently severe to constitute an "extraordinary and compelling reason" within the meaning of section 1B1.13. Keys has failed to show that he suffers from a terminal illness or from a serious medical condition that "substantially diminishes" his ability to provide self-care. See U.S.S.G. § 1B1.13, comment. (n.1).  Keys said expressly in his 2019 compassionate-release motion that he was able to perform self-care activities despite his medical conditions.  Never has Keys asserted that his ability to provide self-care has significantly decreased.  Also, Keys's assertion in his 2020 motion that his doctor has instructed him to walk outside for at least one hour per day seems to cut against a finding of a substantially diminished ability to provide self-care.

The district court also abused no discretion in denying compassionate release based on a finding that Keys would pose a danger to the community if released.  Keys is currently in custody for offenses involving minor victims and for the unlawful possession of ammunition.  Keys's admission that he is attracted sexually to children and Keys's criminal history -- including prior convictions for child molestation and for stalking -- also support a finding of dangerousness. Although Keys contends that the mandatory conditions of his life-long supervised release will prevent him from committing future offenses, Keys violated repeatedly

9

the terms of his probation following his child-molestation conviction. Given the serious nature of Keys's offenses and Keys's criminal history, we cannot say that the district court clearly erred in finding that Keys posed a danger.

We affirm the denial of Keys's motion for compassionate release.

AFFIRMED.[6]

---

[6] On appeal, Keys raises arguments challenging his convictions and sentence, alleging misconduct by the BOP and the courts, and asserting he has received inadequate medical care. These arguments are not pertinent to the issue on appeal -- whether the district court abused its discretion in denying Keys's motion for compassionate release -- and will not be addressed.